UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>LARRY D. COMPTON; EL MONTE RENTS, INC., a California corporation; and Does 1-10,<br><br>        Defendants. | No. 2:16-cv-02961-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Scott Johnson ("Plaintiff") sued Larry D. Compton ("Defendant") alleging that Defendant's business, El Monte RV Rental, does not comply with the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act. Compl., ECF No. 1. Plaintiff now moves for summary judgment. Mot., ECF No. 30. Defendants oppose, arguing Plaintiff's ADA claim is moot and that the Court should decline to exercise supplemental jurisdiction. Opp'n, ECF No. 32. Finding Plaintiff's ADA claim is moot, the

///

///

1

Court dismisses the remaining claim for want of jurisdiction.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff suffers from quadriplegia and manual dexterity impairments. Johnson Decl. ¶ 2. He uses a wheelchair for mobility. Id. Plaintiff went to Defendant's RV rental business on October 24, 2016. Id. at ¶ 4. Plaintiff states that he encountered barriers in the parking lot and along the path to the business office entrance. Id. at ¶¶ 5–18.

In December 2016, Plaintiff sued Defendant in this Court alleging violations of the ADA and the Unruh Civil Rights Act. See Compl. After being sued, Defendant made alterations to the business to improve its accessibility. Def. Suppl. Resp. to Pl.'s Req. for Produc. of Docs., ECF No. 30-15. In September 2017, Plaintiff's expert found three remaining barriers. Waters Decl., ECF No. 30-11. Defendant submits evidence in his opposition that all barriers have been removed. Compton Decl. ¶ 6. Plaintiff no longer disputes that Defendant has brought the property into ADA compliance. Reply, ECF No. 33, p. 1.

Plaintiff now moves for summary judgment on the sole remaining issue of whether he should be awarded $8,000 in statutory penalties under the Unruh Civil Rights Act. Mot. at 13-15, Reply at 1. Defendant opposes summary judgment, arguing that since Plaintiff's ADA claim is now moot, the Court should decline to exercise supplemental jurisdiction. Opp'n at 4–8.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 5, 2018.

Plaintiff requests the Court retain jurisdiction of his state law claim. See Reply.

## II. OPINION

### A. ADA Claim

Private plaintiffs may only seek injunctive relief (i.e., barrier removal) under the ADA. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). When a defendant voluntarily removes the alleged barriers prior to trial, a plaintiff's ADA claim can be mooted. Id. See, e.g., Vogel v. Winchell's Donut Houses Operating Co., LP, 252 F. Supp. 3d 977, 985 (C.D. Cal. 2017) (determining an ADA claim was moot after defendant repaved parking space and access aisle); Johnson v. BBVA Compass Fin. Corp., No. 2:14-CV-2416-JAM-KJN, 2016 WL 1170855, at *1 (E.D. Cal. Mar. 25, 2016) (holding ADA claim was moot after barrier repair).

Here, Defendant argues that his repair of all the identified barriers moots Plaintiff's ADA claim. Opp'n at 4-5. Plaintiff does not dispute Defendant's argument that the business is now in compliance with the ADA. Reply at 1. Additionally, Plaintiff has not argued that Defendant is likely to lapse in future ADA compliance or had any history of reverting back to ADA noncompliance after repairs. See BBVA Compass, 2016 WL 1170855, at *2. Instead, the evidence presented with the motion for summary judgment shows that Defendant dutifully brought the business into ADA compliance after being made aware of accessibility barriers.

///

The Court therefore finds that Plaintiff is not entitled to injunctive relief on his ADA claim. Plaintiff's ADA cause of action is moot, and the Court accordingly dismisses it.

**B. State Law Claim**

By dismissing Plaintiff's ADA claim, the Court has disposed of "all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff's sole remaining claim, arising under state law, may only be decided if the Court exercises supplemental jurisdiction. Plaintiff seeks an award of $8,000 on his Unruh Civil Rights Act claim—$4,000 for his June 2016 visit and $4,000 for deterrence. Reply at 6.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Johnson v. Kim, No. 214CV00196KJMCKD, 2016 WL 232326, at *3 (E.D. Cal. Jan. 20, 2016).

The Court finds that the factors of "judicial economy, convenience, fairness, and comity" do not favor exercise of supplemental jurisdiction over Plaintiff's state law claim. See Oliver, 654 F.3d at 911 (finding the district court did not err in declining to exercise supplemental jurisdiction on state law claims after dismissing ADA claim). In an overburdened judicial district like the Eastern District of California, the Court has an interest in avoiding needless adjudication of state law claims. Although Plaintiff's state law claim is predicated on an

4

alleged violation of the ADA, this alone does not justify use of the Court's scarce resources to adjudicate the merits of the remaining state law claim.

Plaintiff's arguments to the contrary are unavailing. His argument that this case has been "heavily litigated" is overstated. Id. at 4. The Court issued one prior substantive order, granting Defendant El Monte summary judgment because it did not own or operate a business on the property. Order, ECF No. 22. Plaintiff then argues that supplemental jurisdiction must be exercised to prevent him from having to file his Unruh claim in state court "while, simultaneously, wrapping up his prosecution of the ADA claim in federal court." Reply at 4. This argument is irreconcilable with Plaintiff's earlier acquiescence to the fact that his ADA claim is now moot. See id. at 3. Also, the cases relied upon by Plaintiff are inapposite. See Baker v. Palo Alto University, Inc., No. 5:13-CV-00546 EJD, 2014 WL 631452, at *2 (N.D. Cal. Feb. 18, 2014) (exercising supplemental jurisdiction where federal claim remained); Delgado v. Orchard Supply Hardware Corp., 826 F. Supp. 2d 1208, 1221 (E.D. Cal. 2011) (same); Kohler v. Islands Restaurants, LP, 956 F. Supp. 2d 1170, 1174 (S.D. Cal. 2013) (same).

The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's Unruh claim.

### III. ORDER

For the reasons set forth above, Plaintiff's ADA claim is DISMISSED AS MOOT. The Court declines to retain supplemental jurisdiction over the Unruh Civil Rights Act claim and dismisses

5

this claim without prejudice to refiling it in state court. Plaintiff's motion for summary judgment is DENIED AS MOOT.

    IT IS SO ORDERED.

Dated: June 27, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE