UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>   v.<br><br>LARRY D. COMPTON and EL MONTE RENTS, INC.,<br><br>    Defendants. | No. 2:16-cv-02961-JAM-CKD<br><br>**ORDER DENYING DEFENDANT EL MONTE RENTS, INC.'S MOTION FOR ATTORNEY FEES** |

In December 2016, Plaintiff Scott Johnson sued Defendants Larry Compton and El Monte Rents, Inc., alleging violations of the Americans With Disabilities Act (ADA) and Unruh Civil Rights Act. Compl., ECF No. 1. El Monte filed a motion for summary judgment, ECF No. 8, which the Court granted in April 2017. ECF No. 22. Earlier this year, the Court dismissed Johnson's ADA claim as moot and declined to retain jurisdiction over Johnson's state law claims against Compton, closing the case. ECF Nos. 35–36.

1

El Monte now seeks attorney fees and costs. Mot. Fees, ECF No. 37; Reply, ECF No. 40. Johnson opposes the motion. Opp'n, ECF No. 39. For the reasons set forth below, the Court denies El Monte's Motion for Attorney Fees.[1]

I. DISCUSSION

A. <u>Attorneys' Fees Under the ADA</u>

The Americans with Disabilities Act provides, "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205.

Courts may grant attorney's fees to prevailing defendants in civil rights actions, including ADA actions, "only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" <u>Summers v. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421(1978)). "An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith." <u>Peters v. Winco Foods, Inc.</u>, 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004), <u>aff'd</u>, 151 F. App'x 549 (9th Cir. 2005). Courts must "resist the understandable temptation to engage in <u>post hoc</u> reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." <u>Christiansburg</u>,

---

[1] This motion was determined suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 2, 2018.

2

434 U.S. at 421–22.

Assuming that Johnson's claims against El Monte were not frivolous, unreasonable, or without foundation at the time of filing, Johnson had a duty to reevaluate his claims at any point where it became clear the claims lacked a factual basis. Peters, 320 F. Supp. at 1037. Based on the facts and principal/agent agreement El Monte provided to Johnson prior to filing its summary judgment motion, it was clear that El Monte did not own or lease the property. Whether El Monte "operated" the property was a debatable issue and one upon which each party provided briefing.

The Court found that El Monte did not own, lease, or operate the property in question at the time Johnson sued, and thus could not be held liable for any of the property's ADA violations. In his unsuccessful opposition to El Monte's motion for summary judgment, Johnson argued that El Monte could have been liable as an operator due to its principal/agent agreement with Compton's business. Johnson made this argument without citing to any precedent that a court should treat principal/agent and franchisee/franchisor relationships differently under the ADA. Indeed, the precedent El Monte cited demonstrated that an agreement requiring compliance with state and federal laws is insufficient to provide control over discriminatory conditions. Thus, the Court found that El Monte was not an operator because the principal/agent agreement did not give El Monte the power to facilitate any necessary accommodation.

While El Monte presented analogous precedent from the franchisor/franchisee context, Johnson relied on an

interpretation of the principal/agent agreement and a legal argument for extending liability that the Court rejected. However, Johnson's lack of precedent does not mean that his argument was wholly without merit. The presence of a novel question with little precedent weighs against a finding of frivolousness. C.W. v. Capistrano Unified Sch. Dist., 784 F.3d 1237, 1245 (9th Cir. 2015); see also Legal Servs. of N. California, Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997) (finding that a position unsupported by existing precedent was not frivolous where there was a good faith effort to advance a novel legal theory). No prior cases conclusively answered the unique question posed, so Johnson's theory for extending the law was not undisputedly frivolous.

Although it is a very close call, the Court finds that this is not one of the "exceptional circumstances" in which attorney's fees should be awarded to a prevailing defendant in a civil rights case.

## II. ORDER

For the reasons set forth above, the Court DENIES El Monte's motion.

IT IS SO ORDERED.

Dated: October 9, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE